SHAHOOD, J.,
dissenting.
This case does not warrant an evidentia-ry hearing. I agree with appellee’s position that the DNA expert’s testimony would have been cumulative to that of the testimony of the sexual assault nurse practitioner who examined the victim after the incident.
I agree with the majority and recognize that there is a significant difference between what a nurse might observe with the naked eye and what DNA testing might reveal. The record in this case however, indicates that the sexual assault nurse practitioner performed a thorough examination of the person and clothing of the victim including taking eighteen swabs or specimens from the victim and her clothing. She then testified that there was no evidence of semen. I then accept appellant’s position that the DNA witness’ *71 testimony would have also been negative as to the presence of semen.
Counsel’s failure to call the DNA witness and present cumulative testimony cannot be deemed to be ineffective assistance of counsel, thereby requiring an evi-dentiary hearing. See Valle v. State, 705 So.2d 1331 (Fla.1997)(citing Card v. State, 497 So.2d 1169, 1176-77 (Fla.1986)).
I would affirm the trial court’s order.